## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

COREY WILLIAMS,

Plaintiff,

v.                              Civil Action No. _____

UNITED STATES DEPARTMENT OF LABOR,

ASSISTANT SECRETARY FOR OCCUPATIONAL

SAFETY AND HEALTH, and

DIRECTORATE OF WHISTLEBLOWER

PROTECTION PROGRAMS,

Defendants.

## COMPLAINT

## I. INTRODUCTION

1. This is an action for judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and for damages and injunctive relief under the Privacy Act, 5 U.S.C. § 552a. Plaintiff challenges the Occupational Safety and Health Administration's (OSHA) arbitrary and capricious dismissal of his whistleblower complaint and its unlawful disclosure of his complaint to a known retaliator.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (APA), and 5 U.S.C. § 552a(g)(1) (Privacy Act). Venue is proper in this district under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred here and because Plaintiff resides in this district.

## III. PARTIES

3. Plaintiff Corey Williams is an individual residing at 65 Dodge Street #1018, Beverly, Massachusetts 01915. He is a domestic violence survivor, a cleared candidate for federal employment with the U.S. Army, and a full-time student in an Intelligence Studies Certificate program.

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

4. Defendant United States Department of Labor is a federal agency that oversees the Occupational Safety and Health Administration (OSHA).

5. Defendant Assistant Secretary for Occupational Safety and Health is the head of OSHA.

6. Defendant Directorate of Whistleblower Protection Programs is the office within OSHA that issued the final determination dismissing Plaintiff's complaint.

## IV. FACTUAL ALLEGATIONS

A. Plaintiff's Disclosures and Retaliation

7. Plaintiff was employed as a phlebotomist at Mass General Brigham Salem Hospital. From July 2025 through August 2025, he reported serious safety and HIPAA violations to management, directors, and the CEO. (Exhibit A, Photographs; Exhibit B, Emails to Hospital Leadership.)

8. These violations included rodent infestations in patient rooms and a surgical scrub sink, unsecured blood specimens, a food service tray used for IV insertions with dried blood, and unsecured patient medications. Plaintiff documented these conditions with time-stamped photographs. (Exhibit A.)

9. On July 2, 2025, management pressured Plaintiff to delete photographic evidence of the violations. When he refused, he was terminated on August 22, 2025, and escorted from the facility by security. A security guard admitted that two officers were sent because Plaintiff is a "big black guy." (Exhibit C, Affidavit of Corey Williams; Exhibit D, Text Messages with Tamara Rene.)

10. Plaintiff filed a whistleblower complaint with OSHA under Section 11(c) of the OSH Act on August 10, 2025 (OSHA Ref. ECN127056). (Exhibit E, OSHA Complaint Filing Confirmation.)

B. OSHA's Engagement and Dismissal

11. On September 8, 2025, OSHA Investigator Alan Burbank contacted Plaintiff, stating that OSHA could process "a limited amount" of the complaint and that he wanted to "make sure I get it correct." (Exhibit F, Burbank Email of Sept. 8, 2025.)

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

12. Plaintiff responded the same day with a detailed evidence summary, citing OSHA standards 29 CFR 1910.1030 (bloodborne pathogens) and 29 CFR 1910.141 (sanitation), and attached the time-stamped photographs, timelines, and supporting documentation. (Exhibit G, Plaintiff's Sept. 8, 2025 Email with Evidence.)

13. After that initial engagement, Plaintiff heard nothing further from OSHA for over two months. He followed up on November 23, 2025, asking whether he should attempt to reach out again. (Exhibit H, Plaintiff's Nov. 23, 2025 Email.)

14. On November 24, 2025, Investigator Burbank responded with a one-word dismissal: "No. My supervisor decided a long time ago that we do not have jurisdiction over your issues." (Exhibit I, Burbank Nov. 24, 2025 Email.)

15. No analysis of Plaintiff's evidence-including the photographs-was ever provided. (Exhibit I.)

C. Final Determination and Improper Disclosure

16. On March 19, 2026, OSHA issued a final determination letter, concluding that Plaintiff "did not engage in protected activity under Section 11(c) of the OSH Act" and that there was "insufficient evidence" of retaliation. (Exhibit J, Final Determination Letter.)

17. On March 20, 2026, OSHA forwarded that final determination to Plaintiff via email and cc'd Amy C. Ryals, an individual Plaintiff had named in his sworn affidavit as a key retaliator. (Exhibit K, March 20, 2026 Email with Ryals cc'd.) Ms. Ryals no longer held a position that would reasonably require notification of the outcome of the complaint; she had become Senior Director, Human Resources at Newton-Wellesley Hospital, a separate entity.

18. The disclosure of Plaintiff's whistleblower complaint to a known retaliator was unnecessary, lacked a legitimate administrative purpose, and created a reasonable apprehension of further retaliation.

D. Independent Validation by Other Agencies

19. While OSHA dismissed Plaintiff's complaint, five other oversight entities took formal action based on the

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

- The College of American Pathologists (CAP) investigated and, on November 18, 2025, confirmed that problems had been corrected as a requirement to maintain CAP accreditation and thanked Plaintiff for his assistance. (Exhibit L, CAP Closure Letter.)

- The Massachusetts Department of Public Health opened an active investigation. (Exhibit M, Call Log.)

- The HHS Office for Civil Rights consolidated Plaintiff's HIPAA complaint into an active federal investigation (Transaction #25-633901). (Exhibit N, OCR Consolidation Letter.)

- The VA Office of Inspector General is actively investigating Plaintiff's complaint under 41 U.S.C. § 4712. (Exhibit O, VA OIG Correspondence.)

- The EEOC accepted Plaintiff's retaliation charge (No. 523-2025-04585) and tolled the statute of limitations. (Exhibit P, EEOC Charge Confirmation.)

E. Retaliation by Proxy and Harm to Federal Employment

20. Since his termination, the Massachusetts Department of Unemployment Assistance (DUA) has engaged in a pattern of retaliation by proxy. DUA denied Plaintiff's Training Opportunities Program (TOP) application and forced a hearing on March 18, 2026, despite no disputed facts. (Exhibit Q, DUA Hearing Decision; Exhibit R, March 6, 2026 Email to DUA Director Dishnica.)

21. At the hearing, Plaintiff cited M.G.L. c. 151A §39(b) and California Dep't of Human Resources v. Java, 402 U.S. 121 (1971). The hearing examiner ignored the law, forced a hearing with no disputed facts, and later issued a decision that penalized Plaintiff for relying on the written record. (Exhibit Q.)

22. Plaintiff was fully cleared for a Medical Technician position with the U.S. Army at the Butte, Montana MEPS. (Exhibit S, Butte MEPS Service Agreement.) Because DUA's obstruction left him homeless and without funds to relocate, he was forced to cancel that federal job opportunity. (Exhibit T, Butte Decline Email.) A second Army offer for Des Moines, Iowa (Entry on Duty May 4, 2026) is now at risk. (Exhibit U, Des Moines Offer Email.)

23. The Department of Transitional Assistance approved Plaintiff's EAEDC cash assistance using the same evidence that DUA had before the hearing, further demonstrating the arbitrariness of DUA's denial and the ongoing financial hardship caused by the retaliation. (Exhibit V, DTA EAEDC Approval.)

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

Count I - Violation of the Administrative Procedure Act (APA) (5 U.S.C. § 706(2)(A))

24. Plaintiff incorporates by reference paragraphs 1 through 23.

25. OSHA's dismissal of Plaintiff's whistleblower complaint, including the one-word email of November 24, 2025, and the final determination of March 19, 2026, was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

26. OSHA failed to provide any analysis of the photographic and documentary evidence Plaintiff submitted, despite initially engaging with the complaint. The dismissal was issued without a reasoned explanation, in violation of 5 U.S.C. § 555(b) and the agency's duty to act within a reasonable time.

27. OSHA's conclusion that Plaintiff "did not engage in protected activity" is contradicted by the independent findings of CAP, the Massachusetts DPH, HHS OCR, VA OIG, and EEOC, all of which took formal action based on the same disclosures.

28. Plaintiff has no adequate remedy at law and is entitled to a declaratory judgment that OSHA's actions were arbitrary and capricious, and an order requiring OSHA to issue a corrected determination finding that Plaintiff engaged in protected activity under Section 11(c) and that there is reasonable cause to believe retaliation occurred.

Count II - Violation of the Privacy Act (5 U.S.C. § 552a(g)(1)(D))

29. Plaintiff incorporates by reference paragraphs 1 through 23.

30. OSHA maintains a system of records containing whistleblower complaints. On March 20, 2026, OSHA disclosed the final determination of Plaintiff's complaint to Amy C. Ryals, an individual who was not entitled to receive such information and whose only connection to the case was her alleged role as a retaliator.

31. The disclosure was unauthorized, lacked a legitimate administrative purpose, and was not required by law.

32. The disclosure was made with the intent to cause harm or with reckless disregard for Plaintiff's rights, and it caused Plaintiff to suffer emotional distress, reputational harm, and a reasonable apprehension of further retaliation.

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

33. The disclosure also violated OSHA's own confidentiality regulations and the Privacy Act's prohibition on unauthorized disclosures.

34. Plaintiff is entitled to actual damages and reasonable attorney's fees and costs under 5 U.S.C. § 552a(g)(4).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that OSHA's dismissal of Plaintiff's whistleblower complaint (ECN127056) was arbitrary, capricious, and contrary to law under the Administrative Procedure Act;

B. Order Defendants to issue a corrected determination finding that Plaintiff engaged in protected activity under Section 11(c) of the OSH Act and that there is reasonable cause to believe retaliation occurred;

C. Declare that Defendants' disclosure of Plaintiff's complaint to Amy C. Ryals violated the Privacy Act;

D. Award Plaintiff actual damages under the Privacy Act in an amount to be determined at trial;

E. Award Plaintiff reasonable attorney's fees, costs, and expenses under the Equal Access to Justice Act and the Privacy Act; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

Corey Williams, Pro Se Plaintiff

65 Dodge Street #1018

Beverly, MA 01915

(781) 330-0601

Coreywilliams33@pm.me

Dated: March 27, 2026